DAVID A. BROWN et al., complainants-respondents,

*v.*

WILLIAM V. CARPENTER, defendant-appellant.

[Argued February 9th, 1931. Decided October 19th, 1931.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Berry, who filed the following opinion:

"This bill is filed to redeem a tract of land consisting of about forty acres in Middlesex county from the lien of certain mortgages and certificates of tax sale.

"This property was conveyed to the complainants by Charles H. Gardiner and Mary G. Gardiner, his wife, by deed dated November 9th, 1897, and duly recorded in the Middlesex county clerk's office in book 297 of deeds, page 210. On April 10th, 1893, Gardiner executed a mortgage in the sum of $800 on this property in favor of Perth Amboy Savings Institution. That mortgage was assigned to one Robert A. Hirner on October 10th, 1899. On December 19th, 1894, Gardiner executed a further mortgage in the sum of $3,500 on said property to the defendant William V. Carpenter. This mortgage was duly recorded on January 9th, 1895. In January, 1898, the complainants in this suit filed a bill in this court against the defendant, William V. Carpenter, seeking the cancellation of the $3,500 mortgage hereinbefore referred to on the ground that it was fraudulently obtained from Gardiner and that there was no consideration therefor. The defendant demurred to the bill of complaint and the demurrer was sustained in an opinion by the chancellor on

the ground that the bill of complaint was too indefinite in its charges to set out a cause of action. It was suggested in the opinion that the mortgage may have been given in fraud of creditors, but the decision was not based upon that ground.

"On August 10th, 1899, the lands were sold for taxes by the collector of taxes of the township of Woodbridge, and purchased by that municipality for a term of thirty years, and on February 8th, 1906, the lands were again sold for taxes and purchased in fee by the municipality. The two certificates of tax sale evidencing these sales were assigned by the municipality to the defendant Carpenter on February 1st, 1912, which assignments were recorded on January 22d, 1915, in book 15 of releases for Middlesex county, on pages 382 and 383, respectively. These assignments were recorded on April 14th, 1928, in book 915 of deeds for Middlesex county, pages 75 and 77, respectively. On September 21st, 1893, Gardiner executed a lease for said premises to the defendant, Carpenter, for a term of ten years 'for the yearly rent of one-half of the produce of said farmland less $1.50 for each load of manure delivered on said land by the party of the second part.' It was also provided in said lease that the lessee should pay the taxes on the premises during the term of the lease.

"In 1900 the $800 mortgage which had been assigned to Hirner was foreclosed and a final decree entered in that foreclosure suit on April 2d, 1900. No execution was issued on that decree. On April 12th, 1900, the defendant, William V. Carpenter, who was also made a defendant in the foreclosure suit, filed a bill in this court to redeem the premises from the lien of the mortgage, which had been foreclosed, and the decree in said suit, and pursuant to an order of this court entered on April 12th, 1900, paid into this court the sum of $1,117.93 and on May 2d, 1900, an order was entered in that cause directing the payment of said sum to Robert A. Hirner, the complainant in the foreclosure suit. That order contained this provision: 'It is further ordered that upon payment being made as aforesaid the said Robert A. Hirner shall deliver to the complainant or his solicitor the bond and

mortgage in said bill mentioned, uncanceled, together with the assignment thereof to said Hirner; and that thereupon the bill of complaint in said cause be dismissed.' No further proceedings were had in either the foreclosure suit or the suit to redeem. The $800 mortgage and the assignment to Hirner were apparently delivered to Carpenter but the final decree in the foreclosure suit was not assigned and no sale of the premises ever had pursuant to that decree.

"After the conveyance by Gardiner to the Browns a dispute arose between the Browns and Carpenter with respect to Carpenter's rights under the lease and he was physically dispossessed, whereupon, in July, 1899, Carpenter brought an action in ejectment in the supreme court against the Browns for the recovery of possession of the premises and in that suit the lease was established and Carpenter restored to possession and he has continued in possession ever since. Two or three years ago the complainant in this suit brought an action in ejectment in the Middlesex county circuit court against the defendant, Carpenter, which was defended on the ground that Carpenter was rightfully in possession as mortgagee, under the $3,500 mortgage which has been referred to. The cause was tried before the court without a jury and judgment was for the defendant on the ground that he was in possession under the $3,500 mortgage; that the mortgage had not been declared invalid and that so long as that mortgage was in existence and possession claimed under it, the defendant was entitled to possession. The court, in its opinion, indicated that the validity of the mortgage was questionable, but held that that court had no jurisdiction to determine that point. Immediately thereafter this bill was filed.

"The defense to the bill is, first, adverse possession, the defendant claiming to have been in possession for a period of twenty years as mortgagee under both the $800 and the $3,500 mortgages; second, that his right to possession has been established in the Middlesex county circuit court and that the issues are *res adjudicata* in that suit; third, that the issue as to the validity of the $3,500 mortgage is *res adjudicata* because of the decree in the suit brought to cancel

that mortgage. Other defenses are comprised within the defenses above stated.

"The files in all of the chancery suits and in the ejectment suit last referred to have been introduced in evidence in this cause and an inspection of the file in the suit of *Brown* v. *Carpenter, Docket 21, p. 684,* which was the suit in which cancellation of the $3,500 mortgage was sought, indicates that the question of the validity of that mortgage was not *res adjudicata* in that suit at all. The question was not disposed of upon its merits. The defendant's right to possession as found in the Middlesex circuit being based upon his possession as mortgagee under the $3,500 mortgage, the validity of which was not determined, the judgment in that suit is not *res adjudicata* on the issues here presented. The defense resolves itself, therefore, into one of adverse possession and the possession claimed is possession as mortgagee, dating from the expiration of the lease in 1903 down to the present time. The defendant alleges that after the expiration of the lease he informed the complainants that thereafter he would hold the premises as mortgagee. His testimony is the only evidence supporting that claim. It is vigorously denied by both complainants, who allege that on the contrary, after the expiration of the lease they told Carpenter that so long as he paid the taxes on the property he could remain in possession under the terms of the lease. It is conceded by the defendant that there was never any change in the character of his possession since he first entered into possession under the lease, and my own examination of the defendant when he was on the stand convinces me that his possession subsequent to the expiration of the lease was merely that of a holdover tenant. I find as a fact, therefore, that Carpenter was not in possession as mortgagee either under the $800 mortgage or the $3,500 mortgage. So far as the $3,500 mortgage is concerned, the evidence is convincing that the defendant has no rights thereunder. The mortgage was given in connection with the lease and it is said as security therefor, and also to secure the defendant, Carpenter, for loans to be made or liability to be incurred by him for the mortgagor.

Carpenter claims that at the time the mortgage was given Gardiner owed him about $500 and that thereafter he loaned him certain sums for payment of taxes. This is denied by Gardiner and I believe Gardiner is speaking the truth. I was not at all impressed by the defendant's testimony and have no confidence in him as a witness. The record in the ejectment suit shows a sharp conflict with his testimony there and in this court, so that I feel I can place no reliance whatever upon what he says here. There is no corroborating evidence whatever supporting Carpenter's testimony with respect to what is due him on this mortgage. He cannot give any accurate statement either of moneys which he claims Gardiner owed him at the time the mortgage was executed or advances made thereafter. Gardiner says that the understanding with Carpenter was that the mortgage was to be canceled upon the expiration of the lease and that he informed the complainants of this fact at the time he conveyed the property to them. The complainants' testimony is to the same effect. No interest has ever been demanded by Carpenter from Gardiner or from the complainants on this mortgage, nor has any amount of principal ever been demanded by Carpenter of anyone. No statement of principal or interest claimed by Carpenter, if any, has ever been presented to either Gardiner or the complainants. My conclusion with reference to this mortgage is that Gardiner's explanation of it is the correct one; that it was to have been surrendered and canceled by Carpenter upon the expiration of the lease; that no moneys were ever advanced thereon and that there is nothing due thereon to Carpenter. With respect to the $800 mortgage undoubtedly Carpenter has a right to subrogation by reason of his payment of the decree in the foreclosure suit, but while the answer alleges possession as mortgagee under that mortgage also, the defendant, while on the witness stand, expressly disclaimed possession except as mortgagee under the $3,500 mortgage. But irrespective of the claim of possession under the $800 mortgage the evidence does not justify a finding of possession except as a holdover tenant.

"I think the complainants are entitled to redeem and I will refer the matter to a master to state an account between the parties, indicating the amount which the complainant will be required to pay the defendant on redemption. The master will not consider, however, the $3,500 mortgage in stating this account, as I find as a fact that there is not now and never was anything due on that mortgage. The defendant says that after the conveyance of the property to the complainant he never made any accounting to them for the crops, although he had accounted to Gardiner under the lease up to that time. The land here involved is farmland of very little value at the time of the conveyance by Gardiner to the complainants. It does not abut on any highway and lies in the rear of another tract of land owned by the complainants. Access to it is had only over complainants' other lands. All of the land has never been cultivated at any one time. It being the obligation of defendant as lessee to pay the taxes, he is not entitled to any credit either by reason of such payments or by reason of the assignments of the certificates of tax sale hereinabove referred to. It was his obligation to pay these taxes and his failure to do so, resulting in the tax sales, cannot inure to his benefit. He obtained no rights as against the complainants by reason of the assignments of these certificates of tax sale. Notwithstanding the defendant has been in possession of the premises in question, the complainants have exercised some rights of ownership over it during the period since the expiration of the lease. In 1919 they executed a paper-writing to Gardiner giving him a right of passage over the land and in 1914 they executed a right-of-way agreement giving to the Tidewater Oil Company the right to lay a pipe line over the premises. This agreement was duly acknowledged and recorded in the Middlesex county clerk's office.

"The account to be taken by the master should credit the defendant with the amount he paid in satisfaction of the decree in the foreclosure suit, with interest thereon, and should charge the defendant with one-half the value of all crops raised on the lands during the period of his possession.

"It is contended by the defendants that upon the expiration of the lease it was not necessary for Carpenter to do anything to change the character of his possession from that of lessee to one as mortgagee. It is quite true that a re-entry is not necessary but there must be some act indicating a change of the character of possession and I have already held that there was no change in the character of possession. The act relied upon by the defendant was his alleged statement to the complainants that after the expiration of the lease he was holding under the mortgage. I do not accept his testimony on that point. There is no evidence of any act which could be construed as evidence of a change of the character of the possession from that of lessee to that of mortgagee. I will advise a decree in accordance with the foregoing conclusions.

"The final hearing in this cause was had before me in Long Branch on May 15th, 1930, and counsel for the respective parties expressed a desire to submit briefs. This privilege was accorded them but up to this time no briefs have been received. The foregoing conclusions were written by me immediately after the final hearing in order to record my impressions while the matter was fresh in my mind. They have been withheld from the files pending the receipt of briefs. The matters in issue are, in my judgment, of sufficient importance to the parties to the suit to justify the filing of these conclusions without further delay. Neglect or inactivity of counsel should not withhold from their clients relief to which they are justly entitled. This is a fair example of the delays due primarily to neglect of counsel resulting in congestion in this court and unwarranted criticism of the court itself."

*Mr. Frederick F. Richardson, Mr. Stephen V. R. Strong* and *Mr. Freeman Woodbridge,* for the appellant.

*Mr. Bernard W. Vogel, Mr. Leo S. Lowenkopf* and *Mr. Thomas L. Hanson,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated·in the opinion of Vice-Chancellor Berry.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, VAN BUSKIRK, KAYS, DEAR, WELLS, JJ. 12.

*For reversal*—None.